ROSE KIEC, Appellant, v. JOSEPH BABIASH, Respondent. MICHAEL MACUR and MARIA YAAG, Defendants.— Order of the City Court of Yonkers granting motion of defendant Babiash to vacate execution against his person and releasing him from the custody of the marshal of the City Court of Yonkers, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The act establishing the City Court of Yonkers* expressly

---

* See Laws of 1893, chap. 416, tit. 4, §§ 1, 2; Id. tit. 8, § 5, as added by Laws of 1901, chap. 131.— [REP.

authorized the marshal to levy execution against the property and execution against the person on a judgment such as is involved herein. Nothing in section .766 of the Civil Practice Act limits the grant of power thus made in the City Court Act. Section 766 of the Civil Practice Act does not provide that the sheriff of a given county is the only one to whom execution against a defendant's property may issue. The limitation that the execution issue in* the county in which the defendant resides is observed in the case at bar when execution is issued to the marshal against a defendant living in the city of Yonkers, because in such an event execution is issuing against a defendant in * the county in which he resides, to wit, Westchester county, as section 766 of the Civil Practice Act requires. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.